UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: BIANCA ANN MEDINA,                       No. 22-10233-j7

Debtor.

# MEMORANDUM OPINION

Debtor Bianca Medina was entitled to tax refunds of $5,861 for tax year 2021. The bulk of her tax refunds were on account of the federal Earned Income Tax Credit and the New Mexico equivalent, the Working Families Tax Credit (together and separately, "EITC"), credits intended to provide economic relief to low-income heads of household who work. Ms. Medina attempted to exempt 100% of her EITC tax refunds under New Mexico's wildcard exemption, but the Chapter 7 Trustee objected that she exceeded the wildcard exemption limit. Among her arguments in response, Ms. Medina asserts that her EITC refunds are all exempt from claims of creditors—but despite its anti-poverty purpose, neither Congress nor the New Mexico legislature has enacted an exemption to protect the EITC from creditors. Ms. Medina's other arguments also fail. Thus, even though Ms. Medina used her tax refunds for important home repairs, including fixing her air conditioner and hot water heater, the Court will sustain the Trustee's objection and Ms. Medina will be required to pay back $3,861 to the Trustee.

FACTUAL AND PROCEDURAL HISTORY[1]

In summer 2021, Ms. Medina engaged New Mexico Financial & Family Law, P.C. ("Former Counsel") as her bankruptcy counsel. Ms. Medina believed that her bankruptcy case was filed July 2021. However, Former Counsel did not file Ms. Medina's bankruptcy case on her

---

[1] Any factual findings made in the Discussion section of this opinion are incorporated by reference.

behalf until March 24, 2022. Based on that date of filing, the Ms. Medina's entire 2021 tax refunds are prepetition assets.

On her bankruptcy schedules, Ms. Medina listed an interest in her 2021 federal and state tax refunds in an "unknown" amount. She claimed exemptions in 100% of the tax refunds (the "Claim of Exemptions") under the $500 wildcard exemption provided in New Mexico Statutes §§ 42-10-1 to -2.[2] She also claimed an exemption in $40.00 in a checking account under the same wildcard exemption. Ms. Medina selected the New Mexico bankruptcy exemptions, rather than the federal bankruptcy exemptions, in order to protect significant equity in her home.

Based on her filed tax returns, Ms. Medina was entitled to a 2021 federal tax refund of $4,845—out of which $3,618 was due to the federal EITC—and a 2021 state tax refund of $1,016—out of which $724 was due to New Mexico's EITC (the Working Families Tax Credit). Ms. Medina's total 2021 tax refunds were therefore $5,861. The tax preparer fees were 10% of the total refunds.

Ms. Medina did not receive her 2021 tax refunds until after she commenced her bankruptcy case, and it is unclear why the taxing authorities sent the tax refunds directly to Ms. Medina, rather than holding the refunds until they received further instruction from the Chapter 7 Trustee. Both the IRS and the New Mexico Taxation and Revenue Department are listed on the mailing list in Ms. Medina's bankruptcy case and should have received notice of her bankruptcy filing.

By April 21, 2022, Ms. Medina had spent the entirety of her tax refunds, primarily on important home repairs such as repairing her air conditioner and hot water heater.

---

[2] *See* Doc. 1 at p. 17.

The Trustee filed his objection to the Claim of Exemptions on April 26, 2022 (Doc. 13). The Trustee objected that the Claim of Exemptions exceeded the $500 limit for the New Mexico wildcard exemption. Ms. Medina via Former Counsel filed a response (Doc. 17) to the Trustee's objection, asserting that the EITC was not property of the estate.

After the Trustee failed to appear at the preliminary hearing on the Claim of Exemptions held June 30, 2022, the Court initially allowed the Claim of Exemptions by default by an order entered that same day. Doc. 24. The Trustee moved to set aside the default order, and the Court set it aside. In the meantime, the Court permitted Former Counsel to withdraw from representing Ms. Medina due to a breakdown in the attorney-client relationship. A final hearing on the Claim of Exemptions was held on November 4, 2022, at which the Trustee and Ms. Medina each represented themselves.

At the final hearing, the Trustee indicated that he was not objecting to the portion of Ms. Medina's tax refunds based on the Child Tax Credit, which was $1,500. Thus, the Trustee only objects to $4,361 of Ms. Medina's EITC tax refunds, to the extent they exceed the $500 wildcard exemption limit. The Trustee also conceded that the $40.00 bank account balance listed in Ms. Medina's schedules was for an account that was closed prior to the petition date. Thus, the Trustee objects to exemption of $3,861 of Ms. Medina's tax refunds.

Over the course of this contested matter, Ms. Medina made four arguments (either *pro se* or through Former Counsel) in response to the Trustee's objection: (1) she spent the tax refunds in reliance on the Court's default order, (2) she spent the tax refunds on reasonable and necessary expenses, (3) the EITC portion of the tax refunds was not property of the estate, and/or (4) the EITC portion of the tax refunds was exempt. Unfortunately for Ms. Medina, none of these arguments is a successful defense to the Trustee's objection, as will be explained below.

DISCUSSION

The Court will begin by discussing the nature of the federal and New Mexico EITCs. Second, the Court will discuss Ms. Medina's argument that EITC tax refunds are not property of the bankruptcy estate. Third, the Court will address Ms. Medina's assertion that her EITC tax refunds are exempt under New Mexico law. Fourth, the Court will address Ms. Medina's argument that the Chapter 7 Trustee is estopped from contesting her Claim of Exemptions because she spent her EITC tax refunds in reliance on the Court's default order allowing her exemptions, which order the Court later vacated. Finally, the Court will address Ms. Medina's contention that the Claim of Exemptions should be allowed because she spent the EITC funds on reasonable and necessary expenses.

1. <u>Earned Income Tax Credits</u>

    *(a) Federal EITC*

An EITC is a refundable tax credit designed to help low-income individuals who work and earn an income. Unlike many tax refunds that are based on actual overpayments of taxes, the EITC can create a refund larger than the amount of tax paid throughout the year. With a refundable tax credit like the EITC, if the amount of the credit is larger than the amount of tax owed, the taxpayer will receive a "refund" for the difference. If no taxes are owed, the taxpayer will receive a "refund" in the full amount of the credit. The amount of the EITC is "based on the amount of the taxpayer's earned income and the number of qualifying children the taxpayer can claim." *In re Crowson*, 431 B.R. 484, 492 (10th Cir. BAP 2010) (citing 26 U.S.C. § 32(b)-(c)).

Initially, the federal EITC was enacted as a refundable tax credit in order "[1] to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income . . . , [2] to stimulate the economy by funneling funds to persons likely to spend the money

immediately, and [3] to provide relief for low-income families hurt by rising food and energy prices." *Sorenson v. Sec'y of the Treasury of the United States,* 475 U.S. 851, 864 (1986) (citing the legislative record); *In re James*, 406 F.3d 1340, 1344 (11th Cir. 2005) (quoting *Sorenson*, 475 U.S. at 864). "After numerous expansions, the EITC is regarded by many as the largest federal anti-poverty program in the United States." *In re Murray*, 506 B.R. 129, 134 (10th Cir. BAP 2014), *aff'd*, 586 F. App'x 477 (10th Cir. 2014). The EITC "afford[s] economic relief to low income heads of household who work for a living." *In re Moreno*, No. WW-21-1124-LBS, 2021 WL 6140115, at *4 (9th Cir. BAP Dec. 23, 2021) (quoting *In re Jones*, 107 B.R. 751, 752 (Bankr. D. Idaho 1989)).

Despite its anti-poverty purpose, Congress has not enacted exemptions for EITC refunds similar to the protections for Social Security benefits under 42 U.S.C. § 407 and veterans' benefits under 38 U.S.C. § 5301(a).

   (b)  *New Mexico EITC—the Working Families Tax Credit*

New Mexico offers its own version of the EITC, known as the Working Families Tax Credit. NMSA § 7-2-18.15. For the 2021 tax year, the New Mexico EITC is equal to twenty percent (20%) of an individual's federal EITC. *Id.*

   2.  <u>EITC tax refunds are property of the bankruptcy estate</u>

Ms. Medina, through Former Counsel, cited two cases for the proposition that the portion of her tax refunds received on account of EITC are not property of the estate: (1) *In re Dunckley*, 452 B.R. 241 (10th Cir. BAP 2011) and (2) *Murray*, 506 B.R. 129. However, the Tenth Circuit Court of Appeals has expressly held that a debtor's EITC—pro-rated to the date of filing of the bankruptcy petition—is property of the estate. *In re Montgomery*, 224 F.3d 1193, 1195 (10th Cir. 2000).

5

And neither case cited by Former Counsel even supports the proposition that EITC funds are not property of the estate. Indeed, *Dunkley* stated that, "Tenth Circuit authority has long since settled that a tax refund due on the date of the petition is part of the property of a debtor's estate." 452 B.R. at 245.³ In *Murray*, the debtors properly claimed an exemption in their EITC refunds pursuant to Kansas exemptions, and the court noted that such "exempt property is initially property of the estate." *Murray*, 506 B.R. at 139.

In both *Dunkley* and *Murray*, the Tenth Circuit Bankruptcy Appellate Panel ("BAP") analyzed state exemptions that exempt EITC. At issue in *Dunkley* was a Colorado statute exempting the "full amount of any federal or state income tax refund attributed to an earned income tax credit or a child tax credit." *Dunkley*, 452 B.R. at 243 (quoting Colo. Rev. Stat. § 13-54-102(1)(*o*) (2009)). At issue in *Murray* was a Kansas exemption allowing a debtor in bankruptcy to exempt federal and Kansas EITCs for one tax year. *Murray*, 506 B.R. at 135 (citing Kan. Stat. Ann. § 60-2315). As discussed below, New Mexico does not have an equivalent exemption for EITC.

    3. <u>New Mexico exemptions applicable to an EITC</u>

       *(a) Wildcard exemption*

The New Mexico Statutes contain an exemption scheme in chapter 42, article 10, which protects certain property of an individual from the reach of creditors. The Chapter 7 Trustee does not contest Ms. Medina's claim under the New Mexico wildcard exemption to exempt her tax refunds up to total of $500.00.⁴ That is the limit of the wildcard exemption.

---

³ *Dunkley* was reversed on appeal; however, the Tenth Circuit Court of Appeals upheld the conclusion that the income tax refund was property of the bankruptcy estate. *In re Borgman*, 698 F.3d 1255, 1257 (10th Cir. 2012) (reversing *Dunkley*).

⁴ See NMSA §§ 42-10-1 to -2.

*(b) No express exemption for EITC*

Several states have passed statutes that expressly exempt EITC from the reach of creditors, including Colorado, Indiana, Kansas, Louisiana, Mississippi, Nebraska, and Oklahoma.[5] New Mexico has not done so.

*(c) No broad public assistance exemption that includes EITC*

Unlike in some other states, New Mexico does not have an exemption that applies to public assistance benefits generally. The only New Mexico exemption is for public assistance paid or payable under the New Mexico Public Assistance Act. NMSA § 27-2-21.

*(i) Broad public assistance exemptions include EITC*

Many courts hold that EITC tax funds are public assistance within the meaning of state exemptions applicable to public assistance grants generally.[6] Such courts reason that "the clear

---

[5] Colorado: Colo. Rev. Stat. Ann. § 13-54-102(1)(*o*) (exempting full amount of any federal or state income tax refund "attributed to an earned income tax credit"); Indiana: Ind. Code Ann. § 34-55-10-2(c)(11) (exempting interest in a refund or credit "received or to be received" under federal and Indiana EITC provisions); Kansas: Kan. Stat. Ann § 60-2315 (exempting "right to receive" federal and Kansas EITC); Louisiana: La. Rev. Stat. Ann. § 13:3881(A)(6) (exempting federal EITC "except for seizure by the Department of Revenue or arrears in child support payments"); Mississippi: Miss. Code Ann. § 85-3-1(i) (exempting an amount not to exceed $5,000 of "earned income tax credit proceeds"); Nebraska: Neb. Rev. Stat. Ann. § 25-1553 (exempting "full amount of any federal or state earned income tax credit refund"); Oklahoma: Okla. Stat. Ann. tit. 31, § 1(A)(23) (exempting "[a]ny amount received pursuant to the federal earned income tax credit").

[6] *E.g.*, *In re James*, 406 F.3d 1340, 1343-45 (11th Cir. 2005) (holding that EITC was exempt under Alabama exemption for "public assistance for needy persons"); *In re Corbett*, No. 13-60042, 2013 WL 1344717, at *2-3 (Bankr. W.D. Mo. Apr. 2, 2013) (holding that EITC was exempt under Missouri exemption for "public assistance benefit"); *In re Fish*, 224 B.R. 82, 84-85 (Bankr. S.D. Ill. 1998) (holding that EITC was exempt under Illinois exemption for "public assistance benefit"); *In re Tomczyk*, 295 B.R. 894, 896-97 (Bankr. D. Minn. 2003) (holding that EITC was exempt under Minnesota exemption for "all relief based on need"); *In re Moreno*, 629 B.R. 923, 932-34 (Bankr. W.D. Wash. 2021), *aff'd*, No. WW-21-1124-LBS, 2021 WL 6140115 (9th Cir. BAP Dec. 23, 2021) (holding that EITC was exempt under Washington exemption for "assistance"); *Flanery v. Mathison,* 289 B.R. 624, 628-29 (W.D. Ky. 2003) (holding that EITC was exempt under Kentucky statute exempting "public assistance benefits"); *In re Longstreet,* 246 B.R. 611, 617 (Bankr. S.D. Iowa 2000) (holding that EITC was exempt under Iowa

purpose and effect of the earned-income credit is public assistance." *In re Brasher*, 253 B.R. 484, 489 (M.D. Ala. 2000). "Economically, the earned-income credit does not function as 'mere tax relief' but rather is 'in essence, a grant.'" *Id.* (quoting *In re Longstreet*, 246 B.R. 611, 614 (Bankr. S.D. Iowa 2000)). This view is consistent with the notion that exemptions are to be construed liberally in favor of the debtor. *See In re Foah*, 482 B.R. 918, 921 (10th Cir. BAP 2012); *In re Bushey*, 559 B.R. 766, 774 (Bankr. D.N.M. 2016); *Hewatt v. Clark*, 44 N.M. 453, 1940-NMSC-044, ¶ 15. Such liberal construction effectuates the humanitarian purposes of exemption provisions. *Foah*, 482 B.R. at 921 (citing *In re Carlson*, 303 B.R. 478, 482 (10th Cir. BAP 2004)). Generally, the "purpose of having exemptions is to permit a debtor to retain certain necessities . . . without fear of creditors taking them." *In re Warren,* 512 F.3d 1241, 1249 (10th Cir. 2008); *In re Bushey*, 559 B.R. 766, 771 (Bankr. D.N.M. 2016) (quoting *Warren*). The New Mexico exemption statute in particular was "adopted as a humane policy to prevent families from becoming destitute as the result of misfortune through common debts which generally are unforeseen." *Hewatt v. Clark*, 44 N.M. 453, 1940-NMSC-044, ¶ 13 (internal quotation omitted).

However, at least one court has held that EITC tax refunds do not fall within a broad state exemption for "public assistance" because an EITC tax refund is a "tax overpayment" and not a "welfare grant." *See In re Trudeau,* 237 B.R. 803, 807 (10th Cir. BAP 1999). This Court disagrees.[7] An EITC tax refund is not dependent on the amount of tax paid and is available even to a qualified taxpayer who pays no tax at all. The EITC is not a refund attributable to an actual tax overpayment. While it is true the Internal Revenue Code provides that to the extent a

---

exemption for "public assistance benefit"); *In re Jones*, 107 B.R. 751, 751-52 (Bankr. D. Idaho 1989) (holding that EITC was exempt under Idaho exemption for benefits provided by "public assistance legislation").

[7] Even if *Trudeau* is binding precedent, the holding in *Trudeau* is not dispositive of the issue before this Court.

taxpayer's refundable tax credits exceed their income tax obligations, "the amount of such excess shall be considered an overpayment" for tax purposes, 26 U.S.C. § 6401, the economic reality is that the EITC does not depend on whether the taxpayer has overpaid any taxes or even has paid any taxes at all. The federal government is giving money to the individual who filed the tax return as public assistance in the amount of the EITC but subject to an offset (a reduction in the amount the government pays) equal to the amount, if any, of federal income taxes or certain other obligations the individual owes. 26 U.S.C.§ 6402. By contrast, overpayment in a true substantive sense occurs where the individual pays more than is owed.

> As the court in *Flanery v. Mathison* explained:
>
> [I]nsistence that if the EITC is a tax refund it cannot also be public assistance ignores the reality of the statutory scheme and the purposes of the EITC. While the EITC is given effect through the income tax return, it is not really a tax refund because eligibility for the credit does not depend on the payment of any federal income tax. The excess amount is ***considered*** an overpayment and is paid to an individual ***as if*** he had overpaid his tax in that amount. The fact that Congress chose this mechanism as a way to deliver the assistance does not negate the fact that the EITC is a form of relief for low-income families hurt by rising food and energy prices.

289 B.R. 624, 628 (W.D. Ky. 2003) (emphasis in original). The issue was similarly analyzed in a scholarly law journal article:

> True, EITC was delivered as a refundable credit in the beneficiary's income tax refund, and in that sense it was *treated as though it was an overpayment*, but it bore no relationship to income tax withheld or owed. There is no reason to think that either the Congress or the Supreme Court ever thought that simply because the statutory term of art "overpayment" was defined to include excess EITC benefits that EITC *actually was*, in a substantive sense, a tax overpayment.

Jennifer E. Spreng, *When "Welfare" Becomes "Work Support": Exempting Earned Income Tax Credit Payments in Consumer Bankruptcy*, 78 Am. Bankr. L.J. 279, 293 (2004) (emphasis in original). Indeed, as a refundable tax credit, "'the effect of the [EITC] legislation is to put money in the pockets of certain needy taxpayers' instead of merely reducing their tax burden." *In re*

*Moreno*, 629 B.R. 923, 932 (Bankr. W.D. Wash. 2021), *aff'd*, No. WW-21-1124-LBS, 2021 WL 6140115 (9th Cir. BAP Dec. 23, 2021) (quoting *In re Jones*, 107 B.R. 751, 752 (Bankr. D. Idaho 1989)). "Courts more quickly recognized the EITC as a form of social welfare . . . because the EITC was targeted at assisting lower-income individuals from its inception." *Moreno*, 629 B.R at 932; *see also James*, 406 F.3d at 1344 ("Because the EITC was enacted to provide relief for low-income families, we conclude that it qualifies as government aid to needy persons.") (internal quotation omitted); *Jones*, 107 B.R. at 752 (holding that EITC was exempt as public assistance "due to its nature as social welfare relief").

        (ii)  New Mexico's limited public assistance exemption

Nevertheless, even though this Court agrees with cases holding that EITC tax funds are public assistance within the meaning of the state exemptions applicable to public assistance grants generally, New Mexico does not have such a broad public assistance exemption. The closest thing in New Mexico is the exemption under New Mexico's Public Assistance Act. NMSA § 27-2-21. The public assistance exemption under that statute provides,

> Assistance granted under this act shall not be transferable or assignable, at law or in equity, and none of the money paid or payable under this act shall be subject to execution, levy, attachment, garnishment or other legal process, or to the operation of any bankruptcy or insolvency law.

NMSA § 27-2-21. But the New Mexico Public Assistance Act only exempts "money paid or payable *under this act*." *Id.* (emphasis added). It does not exempt the federal or New Mexico EITC. The federal EITC is not payable under the New Mexico Public Assistance Act; rather, it is payable under the federal Internal Revenue Code. U.S.C. tit. 26. Nor is New Mexico's version of the EITC, the Working Families Tax Credit, payable under the New Mexico Public Assistance Act; rather, it is payable under New Mexico's Income Tax Act. NMSA ch. 7, art. 2.

10

Case 22-10233-j7    Doc 55    Filed 12/16/22    Entered 12/16/22 15:25:18 Page 10 of 12

Other courts have similarly held that an exemption under a public assistance act does not apply to EITC tax refunds where the exemption is limited to public assistance granted under the act because EITC tax refunds are granted under federal and state tax codes. In Nevada, the bankruptcy court held that the Nevada exemption for "assistance awarded pursuant to the provisions of this chapter," which referred to chapter 422 of the Nevada Revised Statutes, did not include EITC because it was "not paid or payable pursuant to a state-administered public welfare program under Chapter 422." *In re Thompson*, 336 B.R. 800, 802 (Bankr. D. Nev. 2005). Similarly, in Arizona, the bankruptcy court concluded that the Arizona exemption for "assistance granted under this title" and "money paid or payable under this title" did not include EITC, because EITC is granted by the federal tax code, not by Arizona's public assistance statute. *In re Builder*, 368 B.R. 10, 11-12 (Bankr. D. Ariz. 2007).

The Court concludes that the federal EITC and New Mexico Working Families Tax Credit, despite having an anti-poverty purpose, are not exempted from the claims of creditors under the New Mexico Public Assistance Act or any other New Mexico exemption other than New Mexico's $500 wildcard exemption.

4. <u>Ms. Medina did not spend funds in detrimental reliance on Court's default order</u>

Ms. Medina via Former Counsel asserted that she spent the tax refunds in reliance upon the Court's default order, prior to the Trustee moving to set the order aside. However, review of Ms. Medina's bank records shows that all of the tax refunds were spent well before the default order was entered. *See* April 21, 2022 checking account balance. Therefore, Ms. Medina did not spend the tax refunds in reliance on the default order.

5. <u>Spending the funds on reasonable and necessary expenses does not "exempt" them</u>

Ms. Medina's final argument is that she spent the tax refunds on necessary home repairs, specifically fixing her air conditioner and hot water heater. The Court agrees that these are important home repairs. However, the decision whether to permit a debtor in bankruptcy to protect a sufficient amount of her tax refunds/EITC to make such home repairs is a decision for the legislature. Neither Congress nor the New Mexico legislature has enacted exemptions that would protect the funds in this case. While the Court is sympathetic to Ms. Medina's circumstances, the law does not recognize spending funds on necessary expenses as a defense to an objection to a claim of exemptions.

CONCLUSION

Ms. Medina has no valid defense to the Trustee's objection to $3,861 of her Claim of Exemptions. Therefore, the Court will sustain the Trustee's objection by separate order.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: December 16, 2022

COPY TO:

<u>Debtor</u>
Bianca Ann Medina
401 Open Range SW
Los Lunas, NM 87031

<u>Chapter 7 Trustee</u>
Philip J. Montoya
1122 Central Ave SW Ste #3
Albuquerque, NM 87102